Sebastian CEBALLOS–ALVAREZ; Alicia Gomez–Vargas, Petitioners,

v.

Eric H. HOLDER, Jr., Attorney General, Respondent.

Nos. 06–71229, 06–74348.

United States Court of Appeals, Ninth Circuit.

Submitted Sept. 14, 2009.*

Filed Sept. 28, 2009.

David B. Gardner, Esq., Law Offices of David B. Gardner, Los Angeles, CA, for Petitioners.

CAC–District Counsel, Esq., Office of the District Counsel, Department of Homeland Security, Los Angeles, CA, Ronald E. Lefevre, Chief Counsel, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, Norah Ascoli Schwarz, Esq., Edward C. Durant, Esq., U.S. Department of Justice, Civil Div./Office of Immigration Lit., Washington, D.C., for Respondent.

Before: SILVERMAN, RAWLINSON, and CLIFTON, Circuit Judges.

MEMORANDUM **

In these consolidated petitions for review, Sebastian Ceballos Alvarez and Alicia Gomez–Vargas, husband and wife and natives and citizens of Mexico, petition for review of the Board of Immigration Appeals' ("BIA") orders dismissing their appeal from an immigration judge's ("IJ") decision denying Ceballos–Alvarez's application for cancellation of removal, and denying their motion to reopen proceedings. Our jurisdiction is governed by 8 U.S.C. § 1252. We review de novo constitutional claims, *Colmenar v. INS,* 210 F.3d 967, 971 (9th Cir.2000) and for abuse of discretion the denial of a motion to reopen, *Iturribarria v. INS,* 321 F.3d 889, 894 (9th Cir. 2003). We dismiss in part and deny in part the petition for review in No. 06–71229, and we deny the petition for review in No. 06–74348.

We lack jurisdiction to review the agency's discretionary determination that petitioners failed to show exceptional and extremely unusual hardship to a qualifying

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

relative. *See Martinez–Rosas v. Gonzales,* 424 F.3d 926, 930 (9th Cir.2005).

Petitioners contend the IJ violated their due process rights by, among other things, denying a motion to continue and that the BIA erred by failing to explain their reasoning in its decision. Petitioners have not shown how the agency's actions resulted in any prejudice, *see Colmenar,* 210 F.3d at 972, and therefore their due process claims fail.

The BIA did not abuse its discretion in denying petitioners' motion to reopen because it considered the new evidence they submitted and acted within its broad discretion in determining the evidence was insufficient to warrant reopening. *See Singh v. INS,* 295 F.3d 1037, 1039 (9th Cir.2002) (BIA's denial of a motion to reopen shall be reversed only if it is "arbitrary, irrational, or contrary to law").

Petitioners' contention that the BIA violated due process by failing to consider some of the evidence submitted with the motion to reopen fails because they have not overcome the presumption that the BIA did review the record. *See Fernandez v. Gonzales,* 439 F.3d 592, 603 (9th Cir.2006).

In No. 06–71229, **PETITION FOR RE-VIEW DISMISSED in part; DENIED in part.**

In No. 06–74348, **PETITION FOR RE-VIEW DENIED.**

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.